

FILED
FEB 0 9 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HELENA CHEMICAL COMPANY | § § | CIVIL ACTION NO. W05C..052 |
| V. | § § | |
| TEXELL FEDERAL CREDIT UNION and STACEY R. GARTH | § § § | JURY DEMANDED |

### HELENA CHEMICAL COMPANY'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF HELENA CHEMICAL COMPANY ("HELENA") and files this Complaint against Texell Federal Credit Union ("Texell") and Stacy R. Garth ("Garth").

### I.   DEFINED TERMS

1.  **Subject Checks** means checks (i.e., drafts payable on demand and drawn on a bank, *see* Texas Business and Commerce Code § 3.104(f)(i)) made payable to Helena Chemical Company and taken for collection, enforced or paid by Texell.

### II.   PARTIES

2.  Plaintiff Helena Chemical Company is a foreign corporation organized under the laws of the State of Delaware, having its principal place of business and citizenship in the State of Tennessee.

3.  Defendant Stacy R. Garth is an individual who is a citizen and resident of the State of Texas and may be served with process at 813 S. 19th Street, Temple, Texas 76504.

4.      Defendant Texell Federal Credit Union is an unincorporated business association. Texell is a citizen and resident of the State of Texas and has its principal place of business at 200 W. Avenue G, Temple, Texas 76503. Defendant does not have a registered agent for service of process in the State of Texas. Service of process on Texell may be made according to the laws of the State of Texas by serving Eldon Wulbrecht or any president, secretary, treasurer, or general agent of Texell Federal Credit Union at that address. In the alternative, Texell may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Texell is required by the Texas Business Corporation Act article 2.09 to appoint and maintain a registered agent but Texell has not appointed a registered agent.

### III.   JURISDICTION

5.      Plaintiff incorporates by reference the "Parties" section *supra*.

6.      The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### IV.   FACTS

7.      Stacey R. Garth was employed at Helena Chemical Company from November 25, 2002 to September 7, 2004. During her employment, Ms. Garth, without Helena's authority, took checks made payable to Helena Chemical Company and deposited the checks into an account Ms. Garth opened at Texell. That is, Ms. Garth

received checks on behalf of Helena Chemical Company from customers of Helena Chemical Company in payment of debts owed to Helena Chemical Company at a Helena Chemical Company facility located in Eddy, Texas ("Helena Facility").

8. Ms. Garth, without the permission of Helena, removed these checks from the Helena Facility, took these checks to a Texell branch located in Temple, Texas, and requested Texell to make and/or obtain payment on the checks.

9. Texell took Subject Checks and made payment thereon by depositing money into an account to which Ms. Garth was drawer.

10. Helena Chemical Company was not and has never been a drawer to any account opened, maintained, held, or managed by or located at any Texell branch.

11. Texell does not accept corporations as members of Texell.

12. Pursuant to the Federal Credit Union Act, Texell cannot accept a corporation as a member of Texell.

13. Pursuant to regulations promulgated under the authority of the Federal Credit Union Act, Texell cannot accept a corporation as a member of Texell.

14. Pursuant to Texell's bylaws, organization certificate, or policies, Texell cannot accept a corporation as a member of Texell.

15. Helena Chemical Company, as a corporation, cannot be a member of Texell.

16. Texell made payment on checks made payable to Helena Chemical Company.

17. Texell obtained payment on checks made payable to Helena Chemical Company.

18. Texell deposited the proceeds of checks made payable to Helena Chemical Company into an account to which Ms. Garth was a drawer.

19. Texell made demand for payment on Subject Checks.

20. Ms. Garth was not entitled to receive payment on any Subject Check.

21. Ms. Garth was not entitled to enforce any Subject Check.

22. Each Subject Check was endorsed "Helena Chemical Company HCC For Deposit Only By."

23. Texell made or obtained payment on at least one check endorsed "Helena Chemical Company HCC For Deposit Only By."

24. Texell enforced at least one check endorsed "Helena Chemical Company HCC For Deposit Only By."

25. Ms. Garth has deposited at least $229,870.66 into an account opened, maintained, held, or managed by or located at a Texell branch by use of checks made payable to Helena Chemical Company.

V.   COUNT 1: STATUTORY CONVERSION PURSUANT TO CHAPTERS 3 AND 4 OF THE TEXAS BUSINESS AND COMMERCE CODE

26. Plaintiff incorporates by reference all other paragraphs of its Complaint as if fully re-written herein.

27. Texell made payment on Subject Checks to Garth who was not entitled to enforce the respective Subject Check or receive payment thereon.

28. Texell obtained payment on Subject Checks for Garth who was not entitled to enforce the respective Subject Check or receive payment thereon.

29. Texell took Subject Checks by transfer from Garth who was not entitled to enforce the respective Subject Check.

30. The amounts paid on Subject Checks by Texell were not paid consistent with the indorsement of the respective Subject Check.

31. Helena did not receive payment due on the Subject Checks.

32. Helena suffered injury thereby.

### VI.   COUNT 2: COMMON LAW CONVERSION

33. Plaintiff incorporates by reference all other paragraphs of its Complaint as if fully re-written herein.

34. Helena owned, possessed, or had the right to immediate possession of the Subject Checks.

35. The Subject Checks were/are personal property.

36. Garth wrongfully exercised dominion or control over the Subject Checks.

37. Texell wrongfully exercised dominion or control over the Subject Checks.

38. Helena suffered injury thereby.

## VII. COUNT 3: NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE

39.  Plaintiff incorporates by reference all other paragraphs of its Complaint as if fully re-written herein.

40.  As required by Chapter 3 and 4 of the Texas Business and Commerce Code and the common law, Texell owed Helena a legal duty to (1) act in good faith, (2) act in a commercially reasonable manner, and (3) use ordinary care.

41.  By their acts and omissions listed above, Texell breached these duties.

42.  Viewed objectively from Texell's standpoint, the acts and omissions of Texell listed above involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Texell had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of others.

43.  The breach proximately caused Helena injury.

## VIII. COUNT 4: MISAPPLICATION OF FIDUCIARY PROPERTY

44.  Plaintiff incorporates by reference all other paragraphs of its Complaint as if fully re-written herein.

45.  Garth intentionally, knowingly, or recklessly misapplied Subject Checks she held as a fiduciary in a manner that involved a substantial risk of loss to Helena.

## IX.   COUNT 5: BREACH OF FIDUCIARY DUTY

46.   Plaintiff incorporates by reference all other paragraphs of its Complaint as if fully re-written herein.

47.   Helena and Garth had a fiduciary relationship in that Helena was Garth's employer and Garth was Helena's employee.

48.   Garth owed Helena a duty to act in Helena's interest.

49.   Garth breached its fiduciary duty to Helena.

50.   The breach resulted in injury to Helena and benefit to Garth.

## X.   COUNT 6: ATTORNEY FEES PREDICATED ON TEXAS CIVIL PRACTICES AND REMEDIES CODE 38.001

51.   Plaintiff incorporates by reference all other paragraphs of its Complaint as if fully re-written herein.

52.   Plaintiff is entitled to an award of attorneys' fees consistent with Texas Civil Practice and Remedies Code 38.001 because the above "claim is **for**: . . . (1) rendered services; . . . (2) furnished material; . . . (3) a sworn account; . . . or (8) [a] . . . written contract." Helena's customers tendered the Subject Checks to Helena in payment of rendered services, furnished material, on sworn account, or on written contract. This suit is brought to recover those amounts.

## XI.   COUNT 7: EXEMPLARY DAMAGES

53.   Plaintiff incorporates by reference all other paragraphs of its Complaint as if fully re-written herein.

54. Plaintiff seeks exemplary damages for harm caused by Defendants' conduct under Texas Civil Practice & Remedies Code section 41.003(a)(1-3). Defendants' conduct amounted to fraud, malice, and/or gross negligence justifying the award of exemplary damages.

## XII.   DAMAGES

55. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a. Actual damages in the form of the amounts payable on the Subject Checks, and
   b. Actual damages in the form of interest that would have been earned on the amounts payable on the Subject Checks.

## XIII.   JURY DEMAND

56. Plaintiff asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XIV.   PRAYER

57. For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, the Plaintiff have judgment against Defendants jointly and severally for the following.

   a. Actual damages,
   b. Exemplary damages,
   c. Prejudgment and post judgment interest,
   d. Costs of suit,
   e. Attorneys' fees, and
   f. All other relief, in law and in equity, to which plaintiff may be entitled.

58. Plaintiff demands the relief in the alternative or of the several different types such that Plaintiff be made whole.

Respectfully submitted,

JENKENS & GILCHRIST,
a Professional Corporation

By: _____

Mark A. J. Fassold
Texas State Bar Number 24012609
**Robert L. Soza, Jr.**
Texas State Bar Number 18869300
112 East Pecan Street, Suite 900
San Antonio, Texas 78205-1533
Telephone: (210) 246-5000
Facsimile: (210) 246-5999

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

As required by Local Rule 5(b), Plaintiff hereby certifies that summons directed to Defendants individually has been requested from the clerk of this Court and will be served on Defendants in accordance with the Federal Rules of Civil Procedure.

_____
MARK A. J. FASSOLD
ROBERT L. SOZA, JR.